**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AKSHAY KUMAR,<br><br>Petitioner,<br><br>v.<br><br>CRAIG LOWE,<br><br>Respondent. | No. 4:26-CV-01997<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION AND ORDER**

**AUGUST 31, 2026**

## I. BACKGROUND

Akshay Kumar, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Kumar is currently detained at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[2]

Kumar, a citizen and native of the Republic of India, entered the United States of America in February of 2022.[3] On January 13, 2026, Kumar was detained by ICE

[1] Doc. 1.
[2] *Id.* at 1.
[3] Doc. 9 at 2.

during the pendency of his removal proceedings.[4] On May 15, 2026, a final order of removal was entered against Kumar.[5]

In July of 2026, Kumar filed this § 2241 petition seeking release from custody, asserting that his continued detention violates his constitutional rights.[6] Respondent replies that Kumar's removal is likely in the reasonably foreseeable future, as he is within the six-month presumptively reasonable period for detention and he will receive all required due process protections.[7]

Kumar brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[8] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[9] Kumar's claims are therefore properly brought in this petition.

Kumar is being detained under the post-removal detention provision of the Immigration and Nationality Act which states, in relevant part, that "when an alien

---

4 Doc. 9-4 at 2.
5 *See* Doc. 9-5.
6 *See* Doc. 1.
7 Doc. 9 at 4-6.
8 28 U.S.C. § 2241(c)(2).
9 *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).

is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[10] During the removal period "the Attorney General shall detain the alien."[11] The statute further provides that most individuals "may be detained beyond the removal period."[12]

However, authorizing unlimited detention presents constitutional concerns and, consequently, in *Zadvydas v. Davis*,[13] the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."[14] The Supreme Court further held that detention of up to six months is presumptively reasonable.[15]

The expiration of that six-month period "does not mean that every alien not removed must be released."[16] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[17] Consequently, "an alien may be held in

---

10 8 U.S.C. § 1231(a)(1)(A).
11 *Id.* § (a)(2)(A).
12 *Id.* § (a)(6).
13 533 U.S. 678 (2001).
14 *Id.* at 682.
15 *Id.* at 701.
16 *Id.*
17 *Id.*

confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[18]

Kumar's petition fails because his final order of removal was not entered until May 15, 2026, less than four months ago, and he provides no facts that indicate he is not likely to be removed in the foreseeable future.[19] "[T]he passage of less than six months' time, with no other facts suggesting a particular barrier to removal," means that Kumar's petition fails on its merits.[20] His petition must therefore be denied at this time. Accordingly, **IT IS HEREBY ORDERED** that:

1. Kumar's 28 U.S.C. § 2241 petition (Doc. 1) is **DENIED** without prejudice to his right to raise his claim in a future petition; and
2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

18 *Id.*
19 Doc. 9-5.
20 *Miller v. Hendricks*, No. CIV.A. 10-5679 PGS, 2010 WL 4923938, at *3 (D.N.J. Nov. 24, 2010).